NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER WALSH,

        Plaintiff-Appellant,

  v.

LG CHEM LIMITED, a South Korean corporation,

        Defendant-Appellee,

 and

LG CHEM AMERICA; et al.,

        Defendants.

No. 19-17323

D.C. No. 2:18-cv-01545-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted October 19, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and KELLY[**] and MILLER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Plaintiff-Appellant Christopher Walsh appeals from the district court's dismissal of his product liability action against LG Chem Ltd. (LG Chem) on the basis that LG Chem was not subject to personal jurisdiction in Arizona. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's dismissal of the action. Because the parties are familiar with the facts of the case, we do not repeat them here.

## STANDARD OF REVIEW

We review de novo a district court's determination that it lacks personal jurisdiction over a defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff bears the burden of showing that jurisdiction is appropriate. *Id.* Uncontroverted allegations in the complaint must be taken as true and factual disputes must be resolved in plaintiff's favor. *Id.*

## DISCUSSION

Federal courts ordinarily follow state law in determining the limits of personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Arizona's long-arm statute permits personal jurisdiction to the full extent allowed by the Due Process Clause of the United States Constitution. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017). To sustain specific jurisdiction over a non-resident defendant, a plaintiff must demonstrate that (1) the defendant purposefully directed its activities at the forum or purposefully availed itself of the

2

protections of its laws, (2) the claim arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction comports with fair play and substantial justice and therefore is reasonable. *Schwarzenegger*, 374 F.3d at 802. "The primary focus of [a] personal jurisdiction inquiry is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1779 (2017).

### A. Patent Applications

Mr. Walsh stipulated that he is no longer arguing for jurisdiction under *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1353 (Fed. Cir. 2002), based on LG Chem's patent applications in the United States. Accordingly, we consider this argument withdrawn.

### B. Minimum Contacts

Mr. Walsh fails to identify minimum contacts between LG Chem and Arizona sufficient to support the exercise of personal jurisdiction over LG Chem. Mr. Walsh relies on LG Chem's high volume of sales in the United States in arguing that LG Chem is subject to personal jurisdiction in Arizona. However, a defendant's placement of a product into the stream of commerce is insufficient to support personal jurisdiction absent additional conduct specifically directed at the forum state. *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal.*, 480 U.S. 102, 112 (1987). This is particularly true where, as here, Mr. Walsh only identifies

actions directed at the entire United States market, rather than the relevant forum, i.e., Arizona. As for Arizona-specific conduct, Mr. Walsh points to an affidavit filed by his expert, which states that LG Chem transferred the batteries at issue to distributors and identifies Super Engine as an Arizona-based distributor of batteries manufactured by LG Chem. It is clear that the affidavit is based in large part on the review of filings by LG Chem in the case below and in other court proceedings, not the expert's "special competence," and therefore we are not required to defer to the expert's opinion. *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1116 (9th Cir. 1986). Because none of LG Chem's filings supports the expert's characterization of Super Engine as an Arizona-based distributor, Mr. Walsh has not presented sufficient evidence of LG Chem's contacts with Arizona to support the exercise of personal jurisdiction.

## C. Substantial Forum-Related Activities

Finally, even had Mr. Walsh established minimum contacts between LG Chem and Arizona, he fails to demonstrate that he would not have sustained his injuries but for LG Chem's forum-related activities.

First, Mr. Walsh argues that this court's "but for" test is irreconcilable with *Asahi* and *J. McIntyre Mach. Ltd. v. Nicastro*, 564 U.S. 873 (2011) and should be abandoned. However, we have approved of the use of the but for test in at least one published decision since *Asahi* and *J. McIntyre* were decided. *See In re W.*

4

*States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013). Moreover, the Supreme Court recently reinforced the importance of the connection between the underlying controversy and a defendant's activity in the forum state. *Bristol-Myers Squibb*, 137 S. Ct. at 1781. Mr. Walsh cites no intervening higher authority with which the but for test is "clearly irreconcilable," and accordingly the test remains valid absent reconsideration en banc or Supreme Court action. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

We also reject Mr. Walsh's alternative contention that he would not have sustained his injuries but for LG Chem's forum-related activities. He claims that he would not have been injured had LG Chem not patented, manufactured, and sold the batteries through a distributor who sold the batteries at issue to the retailer in Arizona. However, Mr. Walsh's allegation that LG Chem sold the battery into Arizona was controverted below and need not be taken as true, *Schwarzenegger*, 374 F.3d at 800, and he points to no other evidence establishing a direct nexus between his injuries and LG Chem's purported Arizona contacts. *See W. States*, 715 F.3d at 742.

**AFFIRMED.**